**UNITED STATES of America, Appellee,**

v.

**Brian Todd TRACY, Appellant.**

No. 09–3435.

United States Court of Appeals, Eighth Circuit.

Submitted: May 6, 2010.

Filed: May 11, 2010.

Clifford R. Cronk, Assistant U.S. Attorney, U.S. Attorney's Office, Davenport, IA, Maureen McGuire, Assistant U.S. Attorney, U.S. Attorney's Office, Des Moines, IA, for Appellee.

Jose Rafael Rodriguez, Rodriguez & Fernandez, Miami, FL, for Appellant.

Brian Todd Tracy, Dubuque, IA, pro se.

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Brian Tracy was charged with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Tracy pleaded guilty in accord with a written plea agreement, which contained an appeal waiver. The district court[1] sentenced

---

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

1. The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Tracy to 84 months in prison, below the advisory Guidelines range. On appeal, counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), challenging the reasonableness of the sentence and the adequacy of the plea-hearing colloquy.

We will enforce the appeal waiver in this case because Tracy's appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice. *See United States v. Andis,* 333 F.3d 886, 889–92 (8th Cir.2003) (en banc) (court should enforce appeal waiver and dismiss appeal where appeal falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); *see also United States v. Estrada–Bahena,* 201 F.3d 1070, 1071 (8th Cir.2000) (per curiam) (enforcing appeal waiver in *Anders* case).

Having independently reviewed the record under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issue not covered by the waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.